# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                                                          **Case No. 6:08-cr-118-Orl-DDD-DAB**

**GEUNNET CHEBSSI**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **LETTER MOTION TO ADD SECOND ESSENTIAL ELEMENT OF CRIME IN CRIMINAL JUDGMENT (Doc. No. 1143)**
>
> **FILED:** April 17, 2014
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

Defendant Geunnet Chebssi, a non-citizen appearing *pro se* for present purposes, seeks to alter the language of the criminal judgment issued in this case, to better persuade Immigration officials to grant her discretionary relief from deportation. The request follows a successful similar request made by co-defendant Akhil Baranwal (*see* Docs. 1130, 1133, 1139 and 1141). The United States has filed no response or objection. For the reasons that follow, it is **respectfully recommended** that the motion be **granted.**

### Background

The grand jury returned a Superseding Indictment and a Second Superseding Indictment charging this Defendant with Drug Conspiracy (Count 1), and one count of aiding and abetting the

distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §2 (Count Eighteen) (Docs. 157, 279). Following trial, a jury found this Defendant not guilty as to Count 1, and "guilty of the crime Distribution of a Controlled Substance as charged in Count 18 of the second Superceding Indictment." (Doc. 564). On August 5, 2009, the district judge entered a Corrected Judgment (Doc. 817), which stated that this Defendant "was found guilty on Count 18 of the Second Superseding Indictment" and adjudicated Defendant guilty of distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §2. A Second Corrected Judgment was issued September 23, 2009, to correct the U.S. Marshal number (Doc. 906). Defendant's appeal was unsuccessful, and she was incarcerated, per her sentence.

According to her motion, Defendant completed her sentence in February, but is presently incarcerated under ICE supervision and facing deportation proceedings due to her conviction in this matter. She maintains that she is a long time permanent resident (over 40 years) and all of her family members are in the United States, including her husband and children.

**Discussion**

As noted by the United States Supreme Court:

Under the Immigration and Nationality Act (INA), a noncitizen convicted of an "aggravated felony" is not only deportable, 8 U.S.C. § 1227(a)(2)(A)(iii), but also ineligible for discretionary relief. The INA lists as an "aggravated felony" "illicit trafficking in a controlled substance," § 1101(a)(43)(B), which, as relevant here, includes the conviction of an offense that the Controlled Substances Act (CSA) makes punishable as a felony, i.e., by more than one year's imprisonment, see 18 U.S.C. §§ 924(c)(2), 3559(a)(5).

*Moncrieffe v. Holder,* – U.S.–, 133 S.Ct. 1678, 1680, 185 L.Ed. 2d 727 (2013). In her motion, Defendant seeks to alter the terms of the judgment entered against her to modify the nature of her offense by adding the following language:

>     Distribution of controlled substance - Distribution of schedule IV prescription controlled substance by a pharmacist on the order of a physician other than for a legitimate medical purpose or outside the usual course of professional practice. Defendant was found Not Guilty of Count One - Drug Conspiracy in violation of Title 21, United States Code, Section 846.

(Doc. 1143, p. 3).

As explained in the earlier Report (Doc. 1133), the relief sought is not a matter of right, but a matter of grace, and the Court has jurisdiction to grant such relief, under Rule 36, Fed. R. Crim. Procedure.[1] As was the case with her co-Defendant's similar motion, this Defendant is not seeking to change her sentence or to alter the fact of her conviction. Rather, Defendant urges the amendment of the Judgment to better reflect the precise nature of the crime she was charged with and convicted of.

> As alleged in the Second Superceding Indictment, Defendant Chebssi:
>
> "was a licensed pharmacist in Maryland who owned and operated Family Health Pharmacy in Maryland. CHEBBSI fulfilled "prescription" drug orders for Jive Network from in or about June 2004 through in or about March 2005."

(Doc. 279, ¶ 23). Defendant (along with other defendants) was charged with "aiding and abetting each other, knowingly and intentionally distributed and dispensed, and caused to be distributed and dispensed, quantities of Schedule III and Schedule IV Controlled Substances, . . . , other than for a legitimate medical purpose and not in the usual course of professional practice . . ." (Doc. 279, ¶ 78). The jury instructions track the language from C.F.R. 1306.04(a) (*See* Doc. 590, Jury Instruction 22 - noting "Title 21, United States Code, Section 841(a)(1), makes it a Federal crime or offense for anyone to distribute or dispense a controlled substance other than for a legitimate medical purpose and not in the usual course of professional practice."). As noted, this Defendant, a pharmacist, was

---

[1] "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Federal Rules of Criminal Procedure, Rule 36.

charged with distribution of a Schedule IV prescription controlled substance. Thus, this Court has no objection to the extent Defendant seeks the Judgment to reflect, under the section "Nature of Offense," the following:

> Distribution of controlled substance - Distribution of Schedule IV prescription controlled substance by a pharmacist on the order of a physician other than for a legitimate medical purpose or outside the usual course of professional practice.

Such an amendment is consistent with the language of the indictment, the jury instructions, and the verdict form (which references the indictment), and does not alter the Title and Section of the offenses Defendant was charged with and convicted under, nor does it change the sentence imposed. To the extent the language merely accurately reflects the nature of the charge and conviction, it falls within the "omission" scope of the Rule, and, as there is no prejudice shown, grace is the better part of valor here.

Similarly, the verdict form reflects that Defendant was, indeed, found not guilty of the drug conspiracy count (Count1), but the acquittal is not included in the judgment. This, too, does not change the conviction or sentence with respect to the other counts and amending the judgment to indicate the acquittal as to this Count is accurate, corrects this omission, and seems harmless enough. The Court recommends inclusion of the following sentence: "Defendant was found Not Guilty of Count One - Drug Conspiracy in violation of Title 21, United States Code, Section 846."

Finally, Defendant asserts that the holding of the Supreme Court in *Moncrieffe* can assist her in her immigration proceeding, as she believes that the decision supports her position that she was not adjudicated guilty of a generic trafficking offense. Defendant asserts that she understands that the applicability, if any, of *Moncrieffe* is well outside the scope of any legitimate Rule 36 concern and is a matter for the immigration authorities to decide. In order to be clear regarding the relief suggested here, the Court clarifies that, in recommending that the motion be granted, the Court does not imply

that it agrees with Defendant's position with respect to her deportation proceedings. As such issues are not properly before this Court, nothing in this opinion should be construed as an endorsement in favor of, or against, any pending or contemplated immigration action. By recommending that the Judgement be amended to include additional, limited findings, the Court finds only that the amendments accurately reflect the record, do not substantively alter the conviction or sentence, and result in no prejudice to the Government.

It is therefore **respectfully recommended** that the motion be **granted**, consistent with the foregoing.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Orlando, Florida on this 10th day of June, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
Courtroom Deputy