Dowd, J.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| United States of America, ) | |
|                        Plaintiff, ) | CASE NO. 6:08 CR 118-ORL-DDD-DAB |
|                        v. ) | ORDER |
| Geunnet Chebssi, ) | |
|                        Defendant. ) | |

This matter is before the Court for consideration of United Magistrate Judge Baker's Report and Recommendation dated June 10, 2014 (ECF 1144) regarding the letter motion of defendant Geunnet Chebssi to modify the language of her criminal judgment (ECF 1143). The government has objected to Magistrate Judge Baker's Report and Recommendation. ECF 1145. For the reasons that follow, defendant Chebssi's motion is granted in part and denied in part.

The Court previously issued an order adopting the Report and Recommendation of Magistrate Judge Baker to grant in part the motion of Akhil Baranwal, a co-defendant of Chebssi. Baranwal sought to amend the language of his criminal judgment to reflect the language of the indictment. ECF 1130. After the Court granted Baranwal's motion, Chebssi filed her own motion to amend the language of her criminal judgment (ECF 1145).

Chebssi's motion states that she is "requesting that this honorable court to also change the language of my criminal judgment as per Honorable Judge Baker's report [recommending that the language of defendant Baranwal's criminal judgment be amended to reflect the indictment and verdict]." *See* ECF 1143, par. 9. Chebssi's request to amend the criminal judgment contains two components: 1) an amendment to the judgment language for count 18, of which she was convicted, and 2) addition of language to the criminal judgment that reflects she was found not guilty of count 1.

(6:08 CR 118)

However, the specific amended language sought by Chebssi is different from the actual language of the indictment and verdict for count 18. The amended language Chebssi seeks is as follows:

> Distribution of controlled substance - Distribution of schedule IV prescription controlled substance by a pharmacist *on the order of a physician* other than for a legitimate medical purpose or outside the ususal course of professional practice.

The government does not object to amending Gebssi's criminal judgment to reflect the actual charging language of the second superseding indictment, jury charge, and verdict with respect to count 18, and does not object to amending the judgment to reflect that Chebssi was found "not guilty" of count 1. However, the government does object to certain specific language requested by Chebssi that is different from the charging language of count 18 of the second superseding indictment, jury charge and verdict: "on the order of a physician."

The Court concurs with Magistrate Judge Baker's rationale for recommending that the Court exercise its discretion to amend the language of Chebssi's criminal judgment to accurately reflect the charging language and verdict. However, the government's objection is well-taken. Accordingly, Chebssi's motion is granted in part and denied in part.

Chebssi's motion to amend the language of her criminal judgment to reflect the charging language of the second superseding indictment, jury charge and verdict is GRANTED. However, Chebssi's motion to amend the criminal judgment with the specific language proposed by Chebssi that does not reflect the language of the second superseding indictment and jury verdict – "on the order of a physician" – is DENIED. Further, Chebssi's motion to amend her criminal judgment to reflect that she was found "not guilty" of count 1 of the second superseding indictment is GRANTED.

By granting Chebssi's motion to amend her criminal judgment to accurately reflect the record, the Court in no way alters the conviction or sentence of defendant Chebssi. Further, defendant asserts in her motion that the United States Supreme Court's ruling in *Moncrieffe* can assist her in her immigration proceedings. The impact of *Moncrieffe* on defendant's immigration proceeding is not before this Court, and the Court's decision to grant in part defendant Chebssi's motion to amend her criminal judgment

(6:08 CR 118)

should not be construed as an endorsement in favor of, or against, Chebssi' desired outcome in any immigration proceeding.

Accordingly, the Clerk is requested to prepare an amended criminal judgment for defendant Chebssi that amends the language under the section "Nature of Offense" for count 18 as follows:

> Distribution of controlled substance - Distribution of Schedule IV prescription controlled substance by a pharmacist other than for a legitimate medical purpose and not in the ususal course of professional practice.

The Clerk is further requested to prepare an amended criminal judgment for defendant Chebssi to reflect that:

> Defendant was found "Not Guilty" of Count One of the Second Superseding Indictment – Drug Conspiracy in violation of Title 21, United States Code, Section 846.

IT IS SO ORDERED.

| | |
|---|---|
| _June 20, 2014_ | _s/ David D. Dowd, Jr._ |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |